436 P.2d 805

**STATE of Utah, Plaintiff and Respondent,**

v.

**Robert Lee DIXON, Defendant and Appellant.**

No. 10905.

Supreme Court of Utah.

Jan. 23, 1968.

Phil L. Hansen, Atty. Gen., Tom G. Platis, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

Hatch & McRae, Salt Lake City, for defendant and appellant.

HENRIOD, Justice:

Appeal from a grand larceny conviction. Affirmed.

The believable evidence may be abstracted as follows: A few minutes before the facts giving rise to the incident, subject of the grand larceny charge filed against Dixon, an assistant manager of a drug store, in approving a customer's check at one of the checkout counters, saw a "stack" of $20 bills in the cash register. Within minutes he saw defendant reach in the till and extract some currency therefrom, in what denominations or number he could not then identify. He, with other employees, confronted Dixon to question him, whence the latter ran from the store and to the rear thereof, into a rather large area, infested with tall weeds. He pursued Dixon, apprehended him, brought him back to the store and called the police. An officer found $5 and a few pennies on the defend-

ant. All of this after dark. Dixon, who refused to talk, was taken to the station, booked and advised of his rights. The assistant manager and another searched the area with flashlights without success. The next day, which was a Sunday, another assistant manager searched the area and found either nine or ten $20 bills, which were placed in a safe. The next day, Monday, ten $20 bills were turned over to a police officer, who, in the presence of witnesses, put them in a paper sack, initialing both the sack and each of the $20 bills. There is some confusion as to which numbered cash register the currency was extracted, but not as to the facts that there was a stack of $20 bills in the till from which Dixon extracted some currency, the fact that he fled on attempted questioning, the fact that he was apprehended in flight, or that there were $20 bills found the next morning meeting the description of the missing bills, nor the fact that the cash register from which Dixon took currency was short some $205.

Defendant urges that 1) the currency was not properly identified and should not have been admitted into evidence, and that 2) it was error for the trial court to permit the prosecutor to argue flight of the defendant to the jury.

■ As to 2): There is nothing in the record to indicate what the prosecutor said with respect to flight. We cannot conjec-

ture in this respect. Besides, assuming he said something about it, we cannot see where commenting on such circumstance would be error. Such flight, which was uncontroverted, was a fact,—not even circumstantial,—which certainly was an integral part of the whole episode of an alleged grand larceny.

■ As to 1): Identification of the currency for lack of custodial proof: We think and hold that, under the facts of this case, there was no legitimate or substantial hiatus between recovery thereof and its admission into evidence. Under the circumstances stated, there was little else that could have been done to preserve the evidence, what with recovery in the presence of witnesses, placing it in a safe, initialing it by a peace officer, production at trial and being identified there by the officer.

We think the authorities cited by the defendant are not factually apropos nor authoritative here. He leans heavily on Utah F. B. Ins. Co. v. Chugg,[1] a case having to do with the custodial route of blood taken by somebody, delivered by somebody, analyzed by somebody, and delivered to somebody, none of which somebodies could be identified save the girl who analyzed the blood. That case is so far afield from the facts of the instant case as almost to be an authority for the admission of the currency in the case here. The same inappropriety is

1. 6 Utah 2d 399, 315 P.2d 277 (1957).

reflected in Clayton v. Met. Life Ins. Co.,[2] cited by defendant, as also is the case of State v. Hall.[3]

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

---

2. 96 Utah 331, 85 P.2d 819, 120 A.L.R. 1117 (1938).
3. 105 Utah 162, 145 P.2d 494 (1944). The distinction attempted to be made is that Dixon was not shown to have had possession of the allegedly stolen currency. Matter of fact, the evidence here showed he did have possession of currency taken out of the cash register.