447 P.2d 189

**WASHINGTON COUNTY, a body corporate and politic of the State of Utah, Plaintiff,**

v.

**The Honorable C. Nelson DAY, Judge of the Fifth Judicial District Court in and for the County of Washington, State of Utah, Defendant.**

**No. 11399.**

Supreme Court of Utah.

Nov. 7, 1968.

Phillip L. Foremaster, County Atty., St. George, for plaintiff.

Phil L. Hansen, Atty. Gen., Jim Mitsunaga, Special Counsel for Atty. Gen., Salt Lake City, for defendant.

Don A. Stringham, Salt Lake City, for Utah State Bar, amicus curiae.

**8**

ELLETT, Justice:

This matter involves the interpretation to be placed upon the statute relating to the representation of indigent defendants charged with crime.

Chapter 171, Laws of Utah 1965, insofar as material provides:

Section 1. The Legislature of the State of Utah hereby declares the following to be minimum standards to be provided by each county for the defense of defendants who are financially unable to obtain an adequate defense in criminal cases in the courts and various administrative bodies of the State of Utah:

(1) Provide counsel for every indigent person unable to employ counsel who faces the possibility of the deprivation of his liberty or other serious criminal sanction.

\*    \*    \*    \*    \*    \*

(3) Provide the investigatory and other facilities necessary for a complete defense.

\*    \*    \*    \*    \*    \*

Section 6. The Board of County Commissioners may, at county expense, either:

(1) Authorize the court to provide the services prescribed by this act by appointing a qualified attorney in each case and awarding him reasonable compensation and expenses; or

(2) Arrange to provide those services through non-profit legal aid or other associations. \*    \*    \*

The defendant in the case of State v. Poe is awaiting a second trial on a charge of murder in the first degree after the conviction in his first trial was reversed by this court. (See 21 Utah 2d 113, 441 P.2d 512.) He made a motion for an order providing him with an investigator at the expense of Washington County. The motion was based upon an affidavit which in part recites:

\*    \*    \* [T]here are several witnesses that have not been contacted, which should be contacted, who might materially aid in the defense of this defendant against the charge in the above entitled matter.

That this defendant is not absolutely certain as to how each person will testify when found, and is not particularly anxious to provide witnesses for the State of Utah, and under these conditions believes that the confidential relationship \*    \*    \* existing between attorney and client, should be extended by court order to cover an investigator hired by the State of Utah pursuant to this motion. \*    \*    \*

An ex parte hearing was held by the court at which the defendant and his

counsel were present. The defendant was sworn and testified, whereupon the court made the following order:

* * * [T]here appears no question that the defendant is indigent.

Under the provisions of Section 77–64–1, et seq. Utah Code Annotated 1953 as amended (the said sections appear in the pocket parts of Volume 8) there appears no question but that the Court should require that an investigator be provided for defendant.

In this regard the court considers that a reasonable pay for the said investigator would range from $25 to $50 per day plus necessary expenses. The court acknowledges that counsel have advised that in their opinion the assistance of such investigator is necessary, and that if the investigation results as they anticipate, the evidence uncovered will be material, relevant, competent and necessary to the defense of this case. The counsel have advised that not to exceed twenty days time of such investigator will be required —a maximum period. Accordingly, good cause appearing,

IT IS HEREBY ORDERED that counsel for defendant may and they are hereby authorized to employ an investigator of the choice of themselves and said defendant, being a person of good character and experienced in investigation, for a period of not to exceed twenty days and at the pay of not to exceed $50 per day plus necessary expenses, for the assistance of counsel and said defendant in this matter. It is noted that the Court will review the identity, the pay and the expenses of said investigator before approving the same or any part thereof.

IT IS FURTHER ORDERED that the Washington County advance and pay and deliver to Patrick H. Fenton, Esq., attorney for the defendant in this matter, the sum and amount of $250.00 as and for an advance on such pay and expenses of said investigator; the payment of any other or further sums to await the approval of the Court upon proper application therefore.

A copy of the order was sent to the county attorney of Washington County, who promptly asked this court to prohibit the judge from enforcing the order made.

This matter has engendered a great amount of interest on the part of lawyers and of county officials throughout the State. The State Bar has requested and been granted permission to appear in the role of amicus curiae, and for these reasons we deem it proper to examine the matter in greater detail than might be necessary to determine the matter which is immediately before us.

The County claims that Section 1 cited above is simply a declaration of the law as

it has always existed and that Section 6 above is permissive and not mandatory.

█ It is true that the courts through their inherent power to prevent a miscarriage of justice have always zealously watched over the rights of impecunious defendants and required counsel to give of their time and money to see that a proper representation was made. However, it must not be understood that lawyers alone among all of the professions can be compelled by the legislative authority to undertake free services for impecunious people. The lawyer has the same rights as has the doctor, the public accountant, or the surveyor. None of them can be compelled by law to render services for free.

The lawyer in the past and now stands willing to respond to the call of the judge who presides over a court. The lawyer is an officer of that court and will obey the lawful orders made by the judge. From time immemorial the lawyer not only has neglected his other work and given his time to an impecunious defendant charged with crime, but he has also sustained out-of-pocket expenses such as, for example, making investigation as to the facts, interviewing witnesses, and paying printers for the printing of briefs, etc. This is all in addition to his overhead expenses, including stenographic help.

█ We do not · believe the legislature was simply declaring the law when it enacted Chapter 171 above. We think a wise legislature intended to and did remove the burden of affording counsel for impecunious defendants in criminal cases from the tired shoulders of the legal profession and placed it upon society, where it has always rightfully belonged.

By declaring certain minimum standards to be provided by each county in this State, the legislature could not have intended that any one or more of those counties could set at naught the statute and declare itself beyond and above the law.

█ The County argues that Section 6 above is clearly permissible in that it says the County Commissioners *may* either (1) authorize the court to appoint counsel; or (2) arrange to provide those services through nonprofit legal aid, etc.

It seems clear to us that the County is by Section 1 obligated to furnish the minimum standards, and under Section 6 it has an option and may provide them in either one of two ways.

█ Although the law has been in effect for over three years, Washington County has made no effort to provide for the minimum standards required by the statute. We hold that where a county makes no arrangements for representation of indigent defendants in criminal cases, the court is authorized to appoint counsel for the defendant. However, that is as far as the judge can go in ex parte matters.

When counsel has once been appointed, he can petition the county to appoint an investigator; and in case of a refusal to act, counsel can then bring a writ of mandamus in court, and the court can after hearing the matter determine if an investigator should be appointed and can order the commissioners of the county to make an appointment.

Once an investigator is appointed and renders services to the defendant and incurs expenses in his behalf, he is entitled to be paid therefor by the county. He should file his claim with the county as provided for in Chapter 15, Title 17, U.C.A. 1953. If the claim is reasonable in amount, the county should pay it. In case a dispute arises and the claim is rejected, a suit could be brought against the county pursuant to Section 17–15–12, U.C.A.1953, and the amount to be paid could then be determined in a proper proceeding.

The court cannot enter into a contract for the county and should not in the absence of a filing of a complaint and a trial thereon express an opinion as to the amount of money which should be paid on any given claim. It would appear that the County Commissioners should be given an opportunity to employ an impartial and competent investigator and to enter into a contractual arrangement as to the compensation to be paid therefor, and the court should only become involved if and when the county fails and refuses to act.

In addition to that which is said above, there is another reason why the order made by the judge should not be enforced. The affidavit of the defendant does not state facts which would justify the hiring of an investigator. The defendant does not state the name of any witness, nor does he know what any unknown witness would testify to. The request for an investigator in this case seems to be nothing more than a matter of harrassment of the State, and the law requiring an investigator as one of the minimum requirements does not contemplate an investigator unless there is some reasonable basis to justify an investigator spending time and incurring expenses.

The defendant is restrained from enforcing the order as made, and this matter is remanded for such further proceedings not inconsistent with this opinion as may be proper.

CALLISTER, TUCKETT and HENRIOD, JJ., concur.

CROCKETT, C. J., concurs in the result.