448 P.2d 716

The STATE of Utah, Plaintiff,

v.

Robert Lee DIXON, Defendant,
Hatch & McRae, Appellants,

Weber County, a body corporate and politic of the State of Utah, Respondent.

STATE of Utah, Plaintiff,

v.

Dennis A. HUNTER, Defendant,
Hatch & McRae, Appellants,

Summit County, a body corporate and politic of the State of Utah, Respondent.

Nos. 11187, 11199.

Supreme Court of Utah.

Dec. 12, 1968.

Hatch & McRae, in pro. per.

D. Jay Wilson, County Atty., of Weber County, George B. Handy, Ogden, for respondent.

CALLISTER, Justice:

The above entitled cases have been consolidated upon appeal. In the first case, Dixon was convicted of a felony in the District Court for Weber County. At the trial, he was represented by the law firm of Hatch & McRae that he had retained. Dixon filed a notice of appeal with this court at which time he represented that he was then indigent and could not afford hire counsel to prosecute the appeal. Thereupon, this court appointed Hatch & McRae (believing them to be the best qualified, having represented Dixon at the trial). They accepted the appointment and prosecuted the appeal.[1]

In the Hunter case, the District Court for Summit County appointed Hatch & McRae to represent Hunter in his criminal trial. This they did. Hunter was convicted but Hatch & McRae did not represent him on his appeal.

In both cases, the attorneys filed a motion with each of the district courts to fix their fee for services rendered, including expenses incurred, and for an order directing the respective counties to pay the same. Both courts denied the motion, and they appeal, contending that the courts erred because of the provisions of Chapter 64, Title 77, U.C.A. 1953, Supp.[2]

The recent decision of this court in Washington County v. Day[3] is dispositive of the issues raised here. Although that case involved the appointment of an investigator for an indigent accused, the same rationale applies to the appointment and payment of attorneys.

In the Washington County case, we held that the legislature obligated the counties to provide, at their expense, legal ser-

1. State v. Dixon, 20 Utah 2d 248, 436 P. 2d 805 (1968).

2. Laws of Utah 1965, Ch. 171.

3. 22 Utah 2d 6, 447 P.2d 189, November 7, 1968.

vices for indigent defendants and that counties could do so by one of two ways:[4]

(1) Authorize the court to provide the services * * * by appointing a qualified attorney in each case and awarding him reasonable compensation and expenses; or

(2) Arrange to provide those services through nonprofit legal aid or other associations * * *.

■ Although the provisions of Chapter 64, Title 77 are mandatory and not permissive, the appellant attorneys did not follow the proper procedure, as set forth in the Washington County case. They should have filed a claim with the county as provided in Chapter 15, Title 17, U.C.A.1953 and, if it is rejected, bring suit under the provisions of Section 12 thereof.[5]

■ The contention of Weber County in the Dixon case that it should not be responsible for the fees on appeal because appointment was made by this court is without merit.

Affirmed. No costs awarded.

CROCKETT, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

4. 77–64–1(6), U.C.A.1953 Supp.
5. In the Hunter case the appellants did file a claim with Summit County, which

was rejected. However, they failed to file suit as provided in 17–15–12, U.C.A. 1953.