459 P.2d 436

Sumner J. HATCH and Robert M. McRae, Plaintiffs and Respondents,

v.

WEBER COUNTY, a party corporate and politic, State of Utah, Defendant and Appellant.

No. 11594.

Supreme Court of Utah.

Sept. 29, 1969.

D. Jay Wilson, Ogden, for appellant.

L. E. Richardson, Salt Lake City, for respondents.

ELLETT, Justice.

The plaintiffs in this matter are the "guinea pigs" of the Bar, testing out the meaning and effect to be given to Chapter 171, Laws of Utah, 1965, also known as Chapter 64, Title 77, U.C.A.1953 (1967 Pocket Supplement). They were appointed by this court to represent an indigent defendant in a criminal case and performed

services in connection with taking and perfecting an appeal.[1] In that case they filed a motion to have the District Court fix a reasonable fee for their services rendered pursuant to their appointment. The trial court refused to fix a fee, and this court affirmed.[2] The county contested the granting of the motion in the District Court and appeared in the Supreme Court to defend the judgment rendered in its favor. Before the motion to fix a fee was heard in the District Court, the plaintiffs in the matter now before this court served notice upon the county by means of a letter addressed to the Board of County Commissioners with carbon copies sent to the County Clerk of Weber County and to the Weber County Attorney. The letter is as follows:

Gentlemen:

Heretofore a motion has been filed for the award of attorneys' fees in connection with the court-appointed representation of the above named indigent defendant before the Supreme Court of the State of Utah in the prosecution of an appeal arising out of a conviction in the Weber County District Court. Enclosed is a copy of said motion and the notice to have the matter heard on December 4, 1967 at 10:00 a. m.

Pursuant to statute, you are entitled to notice of my claim, which claim is herewith made against Weber County for the sum of $1,000.00 as fair and reasonable compensation for services rendered in connection with said court-appointed representation, the preparation of brief and argument of this case before the Supreme Court.

In the event I do not receive an acceptance or rejection of this claim prior to the date of hearing on this matter before Judge Cowley on December 4, 1967, I will advise him of your lack of response and that I deem your failure to do so a denial of said claim and request the court to hear the matter on its merits.

Very truly yours,
(S) Robert M. McRae
ROBERT M. McRAE

The questioned statute was heretofore before this court for interpretation and construction in the case of Washington County v. Day, 22 Utah 2d 6, 447 P.2d 189 (1968). There we held that the statute required counties to provide the stated minimum standards to indigent defendants in criminal cases. The trial judge had made an ex parte ruling and ordered the County of Washington to furnish a paid investigator and had fixed his compensation. At page 192 of the Pacific Reporter we said:

Once an investigator is appointed and renders services to the defendant and incurs expenses in his behalf, he is entitled to be paid therefor by the county.

1. State v. Dixon, 20 Utah 2d 248, 436 P. 2d 805 (1968).

2. State v. Dixon, Hatch & McRae, 22 Utah 2d 58, 448 P.2d 716 (1968).

He should file his claim with the county as provided for in Chapter 15, Title 17, U.C.A.1953. If the claim is reasonable in amount, the county should pay it. In case a dispute arises and the claim is rejected, a suit could be brought against the county pursuant to Section 17–15–12, U.C.A.1953, and the amount to be paid could then be determined in a proper proceeding.

The court cannot enter into a contract for the county and should not in the absence of a filing of a complaint and a trial thereon express an opinion as to the amount of money which should be paid on any given claim. It would appear that the County Commissioners should be given an opportunity to employ an impartial and competent investigator and to enter into a contractual arrangement as to the compensation to be paid therefor, and the court should only become involved if and when the county fails and refuses to act.

The plaintiffs herein filed this action in the District Court and the county defended on the ground that no proper claim had been filed as required by the law. That contention is raised on this appeal as the basis for reversal of the lower court.

Section 17–15–10, U.C.A.1953, provides:

The board of county commissioners shall not hear or consider any claim of any person against the county, nor shall the board credit or allow any claim or bill against the county, unless the same is itemized, giving names, dates and particular service rendered, or until it has been passed upon by the county auditor. * * * Every claim against the county must be presented to the county auditor within a year after the last item of the account or claim accrued. In all cases claims shall be duly verified as to their correctness and as to the fact that they are justly due, by the claimant or his authorized agent. If the board shall refuse to hear or consider a claim because it is not properly made out, it shall cause notice of the fact to be given to the claimant or to his agent, and shall allow sufficient time for the same to be properly itemized and verified.

It will be noted that in opposing the motion filed by the plaintiffs to fix a fee, the county never claimed any failure on the part of the claimants to comply with the statute, nor did the county at any time give notice to the plaintiffs that the claim was defective in any particular whatsoever.

In the instant matter the trial court found as follows:

Plaintiffs, by letter dated November 18, 1967, directed to the Board of County Commissioners, Weber County, with carbon copies to D. Jay Wilson, Weber County Attorney, attached to which was a copy of plaintiffs' motion for attorney fees and notice of hearing dated November 10, 1967, filed in the District Court

of Weber County, State of Utah, filed their claim with the defendant for attorneys' fees. This, together with defendant's appearances to argue said motion before the Weber County District Court and subsequently on appeal to the Utah Supreme Court, constituted substantial compliance with the provisions of the law pertaining to claims against counties. The defendant was adequately advised of the issues it would face, and said defendant was not prejudiced in any manner by the method in which this claim was presented.

It will be noticed that the claim of the respondents herein is not the usual one where evidence of fault or lack thereof is involved and where the evidence may be difficult to obtain with the lapse of time. This claim grows out of an unperformed duty on the part of Weber County imposed by the statutes of this state. The only factual question was the reasonableness of the fee. The county has had its day in court on that question. The only legal question which remains is this: Can the county avoid its statutory duty because a claim was not filed in strict accordance with the statute?

The question here posed was recently before the Idaho Supreme Court in the case of Jorstad v. City of Lewiston, 93 Idaho 122, 456 P.2d 766. There the usual claim in tort was filed more than one year after it accrued. The Idaho law required that all claims be filed within 30 days after an injury is sustained. In that case the city defended on the ground of nonliability because of failure of plaintiff to file a timely notice. In discussing the question the court at page 770 said:

We hold that there was substantial compliance with the statute in this case and the purposes for which the statute was designed were met. The notice was filed on February 17, 1967, and the complaint was filed on March 31, 1967. The city had a full month in which to seek an amicable adjustment of the matter. Furthermore, and most important, the city had ample actual notice of the "time, place, character and cause" of plaintiff's damage. Both police officers employed by appellant and its engineer were on the scene within hours of the accident, investigating the same. Where the city has had *substantial actual* notice of serious injury to a potential plaintiff, it cannot complain of the plaintiff's failure to follow the letter of the formal requirements of the notice statute. * * *

To permit the claimed defense in the instant matter to prevail and thus avoid a statutory duty on the part of the county would be to sanction a miscarriage of justice. If the county felt the claim was not clear or complete, it should have notified the respondents that it was insufficient. Failing to require any amendment to the claim and litigating the only factual issue

in dispute, the county is in a poor position to try to avoid its statutory obligation by now insisting on a technicality.

The respondents have rendered a valuable service to the Bar of this state as well as to the various counties, and they should be commended for their perseverance and tenacity in bringing this matter to a definite conclusion.

The judgment is affirmed. Each party will bear its own costs.

CALLISTER and TUCKETT, JJ., concur.

CROCKETT, C. J., and NELSON, District Judge, concur in the result.

HENRIOD, J., does not participate herein.