492 P.2d 986

STATE of Utah, Plaintiff and Respondent,

v.

Richard Stanislaus COTE, Defendant and Appellant.

No. 12581.

Supreme Court of Utah.

Jan. 7, 1972.

went to the home where his wife was then living in Iron County armed with a gun which he used to mortally wound Kathryn Cote, his wife. Prior to the fatal shooting the defendant had kept the home under surveillance for some time and thereafter approached the residence by walking through the fields that surrounded the house.

At the time of the arraignment of the defendant in the district court, he entered a plea of not guilty and also a plea of not guilty by reason of insanity. Thereafter the defendant was ordered hospitalized at the State Hospital at Provo, Utah, for a period of 30 days to enable the hospital staff to make an evaluation and determination as to whether the defendant was suffering from a mental disease at the time of the shooting and also whether the defendant was able to stand trial and to aid in his own defense. Findings of the hospital staff were that the defendant was sane at the time of the offense and also that he was able to partcipate in his own defense. Some months later the defendant was examined by two other psychiatrists practicing in Salt Lake City, Utah, who were not connected with the Utah State Hospital. The physicians who examined the defendant also testified during the trial and only one was of the opinion that at the time of offense the defendant was suffering from a mental disorder which may have affected his conduct.

Patrick H. Fenton, Cedar City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Chief Asst. Atty. Gen., Henry D. Stagg, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant was found guilty of murder in the first degree and on February 20, 1971, he was sentenced to life imprisonment. The defendant is here seeking a reversal. On July 12, 1969, the defendant

■ The main thrust of the defendant's contention before this court is that he was not afforded ample investigatory means of assisting him in his own defense. The defendant moved the court, pursuant to the provisions of Section 77–64–1, U.C.A.1953, as amended, for an order permitting the employment of an investigator at public expense to assist him in developing background information. The provisions of that statute pertinent here are as follows:

The legislature of the state of Utah hereby declares the following to be minimum standards to be provided by each county for the defense of defendants who are financially unable to obtain an adequate defense in criminal cases in the courts and various administrative bodies of the state of Utah:

\* \* \* \* \* \*

(2) Afford representation which is experienced, competent, and zealous.

(3) Provide the investigatory and other facilities necessary for a complete defense.

The defendant does not contend that an investigator would have in any way assisted him in establishing that he did not in fact fire the fatal shots which resulted in the death of his wife. It is the defendant's claim that an investigation into his own background and conduct since childhood might have some bearing upon his defense of insanity. There is no showing that such information, if available, would have aided the physicians who examined the defendant in their diagnoses and findings. The action of the trial court denying the defendant's application for appointment of an investigator at public expense was not prejudicial to the rights of the defendant.[1]

■ The defendant further claims that he was not afforded a speedy trial. The record indicates that the defendant was arrested on July 13, 1969, and that commencement of the trial was on February 16, 1971. Between those dates the defendant spent approximately 30 days at the Utah State Hospital undergoing psychiatric evaluation. Also the defendant made numerous motions and applications in the trial court which delayed his trial, and he also petitioned this court to grant an intermediate appeal. He also applied to the United States District Court for a writ of habeas corpus. The delay in bringing the matter on for trial was occasioned by the steps taken by defendant in his own behalf rather than by the prosecution. We find that there is no merit in the defendant's contention that he is entitled to a reversal by reason of the delay.

The defendant claims that the trial court committed other errors, but a careful examination of the record leads us to the conclusion that the claims there are

---

1.  Washington County v. Day, 22 Utah 2d 6, 447 P.2d 189.

groundless and we are of the opinion that the defendant received a fair trial. The verdict and the judgment of the court below are affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.